NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES DERECK ADAMS,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2023-1676

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-18-0287-I-1.

-------------------------------------------------

**CHARLES DERECK ADAMS,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2023-1681

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-21-0051-I-1.

_____

Before DYK, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

### O R D E R

Having considered the parties' responses to this court's May 10, 2023, show cause order, the court dismisses the above-captioned petitions for review.

In 2016, Charles Dereck Adams filed an appeal at the Merit Systems Protection Board challenging the Department of Defense's denial of his request for early retirement under the agency's Voluntary Early Retirement Authority ("VERA") as discriminatory. The Board issued a final decision rejecting Mr. Adams' argument that the agency knowingly withheld information, including a hard drive, relevant to his claims.

Mr. Adams then brought suit before the United States District Court for the Eastern District of Virginia, where he argued, among other things, that the agency concealed "[m]y complete Uncensored Unclassified Profile or H: drive" and "EEO Records concerning the Discriminators and the Key Decision-maker in this case." Compl. at 21, *Adams v. Dep't of Def.*, No. 1:16-cv-01468 (E.D. Va. Mar. 16, 2017), ECF No. 11 at 21. The Eastern District of Virginia ultimately entered judgment against Mr. Adams in the case, *Adams v. Dep't of Def.*, No. 1:16-cv-01468 (E.D. Va. Sept. 29, 2017), and Mr. Adams' appeal was subsequently dismissed as untimely by the United States Court of Appeals for the Fourth Circuit. *Adams v. Dep't of Def.*, No. 17-2383, slip op. at 2 (4th Cir. Jan. 22, 2018).

Years later, Mr. Adams filed the two underlying appeals at the Board reasserting that the Department of Defense improperly withheld the hard drive evidence and EEO records and statistics relevant to his prior VERA appeal and a similar claim raised before the Equal

Employment Opportunity Commission. The Board concluded that Mr. Adams was barred from rechallenging the denial of his request for early retirement under VERA and that the Board otherwise lacked jurisdiction over his claims.* Mr. Adams then filed these petitions. Because he asserted that he raised a discrimination claim before the Board and did not want to abandon that claim, we directed the parties to address our jurisdiction.

We have jurisdiction to review final decisions from the Board, except in "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. §§ 7703(b)(2), (b)(1)(A). Those so-called mixed cases, which involve appeals to the Board and allegations of covered discrimination, 5 U.S.C. § 7702(a)(1), instead belong in district court. 5 U.S.C. § 7703(b)(2); *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 432 (2017). When this court lacks jurisdiction, we can transfer to another court where the case "could have been brought at the time it was filed," but only if transfer is "in the interest of justice." 28 U.S.C. § 1631. We need not reach any definitive resolution on the issue of whether Mr. Adams brings mixed cases because, regardless of how we would answer that question, we would dismiss.

If we construe Mr. Adams' contentions here as only raising allegations that the agency improperly withheld information, divorced from any personnel action plausibly appealable to the Board, we would conclude that dismissal is appropriate because Mr. Adams has failed to identify any arguable basis for the Board's jurisdiction. *See, e.g.,* 5 U.S.C. § 7512. We would reach the same outcome if we were to alternatively take the view that Mr. Adams is

---

\* In the same decisions, the Board joined these proceedings with other appeals filed by Mr. Adams. Mr. Adams' petitions for judicial review of those matters are separately docketed. This order addresses only DC-3443-18-0287-I-1 and DC-3443-21-0051-I-1.

trying to relitigate his prior mixed case.  It would not be in the interest of justice to transfer after Mr. Adams already fully litigated, and lost, these same claims in his prior case regarding the same VERA dispute.

Accordingly,

IT IS ORDERED THAT:

(1) These petitions for review are dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT

October 18, 2023                        /s/ Jarrett B. Perlow
        Date                            Jarrett B. Perlow
                                        Clerk of Court